UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSBUN WALTON, | ) Case No. 2:21-cv-7006-VAP(JPR) |
| Petitioner, | ) |
| v. | ) ORDER SUMMARILY DISMISSING |
| | ) PETITION FOR WRIT OF HABEAS |
| MCJ TERMINAL ANNEX 86164, | ) CORPUS |
| Respondent. | ) |

On August 30, 2021, Petitioner filed a habeas Petition challenging his 1995 convictions in Los Angeles County Superior Court (Pet. at 2) for first-degree murder and related crimes (see Mot. at 3). On September 10, 2021, Respondent essentially moved to dismiss, asking that the Court vacate its order requiring a response to the Petition because it is successive and Petitioner did not receive permission from the Ninth Circuit Court of Appeals to file it. Petitioner has not timely filed any response to the motion.

As Respondent notes, in 2000 this Court denied on the merits Petitioner's original habeas petition challenging the same convictions and dismissed the case with prejudice. (See Lodged Doc. 1.) The Ninth Circuit affirmed, and the U.S. Supreme Court

denied Petitioner's petition for writ of certiorari. Walton v. Carey, 181 F. App'x 632 (9th Cir.), cert. denied, 549 U.S. 1007 (2006). Nothing indicates that his state-court judgment has been modified in any way since the merits denial.

The Antiterrorism and Effective Death Penalty Act provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

> appeals for an order authorizing the district court to
> consider the application.

28 U.S.C. § 2244(b).

The Petition is successive within the meaning of § 2244(b) because it challenges the same judgment as the earlier petition denied on the merits. Under § 2244(b), then, Petitioner was required to secure an order from the Ninth Circuit authorizing its filing before he filed it. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam). A review of the Ninth Circuit's docket indicates that he has not obtained such an order; indeed, he apparently has never even requested one.

Because it is successive and unauthorized, the Petition is DISMISSED without prejudice to its refiling should Petitioner obtain the necessary permission from the Ninth Circuit. Respondent's motion to vacate is GRANTED.

DATED: October 18, 2021

                                              _____
                                              VIRGINIA A. PHILLIPS
                                              U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge